UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHIRLEY ZOELLER,

    Plaintiff,

        v.                                    Civ. No. 3:18-cv-00019 (WIG)

ANDREW M. SAUL,
Commissioner of
Social Security,

    Defendant.

## RULING ON MOTION FOR ATTORNEY'S FEES

On July 15, 2020, Shirley Zoeller filed a motion for attorney's fees under 42 U.S.C. §406(b)(1). (ECF No. 32). The Law Office of Bainbridge D. Testa submitted a memorandum and exhibits in support of the award, indicating it seeks payment of $14,388.90, representing 25% of the total past-due benefits (less early retirement benefits), for 40.3 hours of work performed at the federal level. The fee request here amounts to the 25% of the retroactive benefit (less early retirement benefits), the fee the Plaintiff and Attorney Testa agreed to in the Retainer Agreement. (ECF No. 32, Ex. 2, 7).

On August 3, 2020, the Government filed a response noting that the Court must determine whether the amount of the fee requested under section 406(b) is reasonable and should be awarded. (ECF No. 34 at 2).

For the reasons that follow, the motion is granted.

    I.    Background

Plaintiff applied for disability benefits on July 23, 2014, alleging she had been disabled as of September 13, 2013. Her application was denied at all levels of the Social Security Administration ("SSA") review. On January 26, 2018, Plaintiff signed a retainer agreement

1

authorizing Attorney Bainbridge Testa of the Law Office of Bainbridge Testa, PLLC, ("Testa") to appeal the denial of benefits to this Court. The retainer agreement provided that if Plaintiff's case is remanded to the SSA, and, upon remand, Plaintiff is awarded past due benefits, Plaintiff will pay Attorney Testa up to twenty-five percent of any award of past due benefits. On June 17, 2019, this Court issued an order remanding the case for further administrative proceedings. Upon remand to the SSA, Attorney Testa was able to secure an award of benefits dating back to March 2014 through February 2020. The SSA awarded past due benefits to Plaintiff on April 11, 2020. Attorney Testa now moves for an award of attorney's fees in the amount of $14,388.90, which represents 25% of the retroactive benefits (less early retirement benefits) Plaintiff was awarded.

II.   Discussion

Section 406(b) of the Social Security Act permits the court to award reasonable attorney's fees to a successful claimant's attorney, provided those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. §406(b); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *Wells v. Sullivan,* 907 F.2d 367, 370 (2d Cir. 1990). In reviewing a request for fees under §406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells,* 907 F.2d at 371. Even where, as here, the requested fee does not exceed the twenty-five percent upper limit, the attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrech,* 535 U.S. at 807. Thus, §406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09.

In determining reasonableness, the court "must begin with the agreement, and … may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells,* 907 F.2d at 371. Courts consider several factors in determining the reasonableness of a fee under § 406(b), including

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether 'the benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

The Court finds the fee requested to be reasonable. First, there is no suggestion the fee is out of line with the character of the litigation or the results achieved. Nor is there any suggestion Attorney Testa unreasonably delayed the proceedings in any way. Rather, Attorney Testa achieved success in reversing the SSA's decision and obtaining benefits for Plaintiff. Indeed, counsel was able to secure an award of the entire time period dating back to March 2014. Accordingly, the Court must determine whether an award of the fee requested would amount to a windfall for Attorney Testa.

When determining whether an award of attorney's fees constitutes a windfall, courts consider factors such as

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007).

3

Application of these factors weigh in favor of the fee request. There is no dispute Attorney Testa secured a favorable result for Plaintiff. Plaintiff was ultimately found disabled as of her original alleged disability onset date and was awarded past-due benefits accordingly. Attorney Testa's submissions to the Court have not been rote recitations of law but have instead focused on applying relevant facts to the facts germane to the issues on appeal. Furthermore, the attorney handling Plaintiff's case has significant experience representing claimants exclusively in the area of Social Security disability at both the administrative and federal court levels. Having reviewed the attorney's itemization of time spent on this case, the Court finds the case was handled efficiently, likely because of the expertise of the lawyer involved.

Finally, considering the quality of results achieved, and the effectiveness of counsel, the hourly rate of fees requested here is reasonable. In assessing the effective hourly rate an award would produce, "courts [must be] mindful that deference should be given to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate and of an attorney's willingness to take the case despite the risk of nonpayment." *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (citation omitted) (internal quotations marks omitted). "Accordingly, a reduction in the agreed-upon contingency amount should not be made lightly, particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis." *Id.* (citations omitted) (internal quotations marks omitted). In this case, the Commissioner estimates that the requested fee award would result in a *de facto* hourly rate of approximately $357.04. The Court finds that this hourly rate is reasonable and is not a windfall to Plaintiff's counsel.

Finally, the Commissioner states that the motion for attorney's fees was timely and there is no evidence of fraud or overreaching. (ECF No. 34 at 2, 4). In sum, the Court concludes the

4

award of attorney's fees sought is reasonable in this case and does not constitute a windfall to counsel.

III.  Conclusion

For the foregoing reasons, the Law Office of Brainbridge Testa's motion for $14,388.90 in attorney's fees is GRANTED.

SO ORDERED, this 5th day of August 2020 at Bridgeport, Connecticut.

                                                  */s/ William I. Garfinkel*
                                                 WILLIAM I. GARFINKEL
                                                 United States Magistrate Judge